UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-00640 HDV (ADS)                    Date:  March 3, 2026

Title:  *Harsh Tamak v. Desert View Facility, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|                  Kristee Hopkins                  |                  None Reported                  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):          Attorney(s) Present for Respondent(s):
None Present                                    None Present

**Proceedings:**          **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: MOOTNESS**

On February 11, 2026, Petitioner Harsh Tamak, an immigration detainee proceeding through counsel, filed a Verified Petition for Habeas Corpus (the "Petition") and a Motion for Temporary Restraining Order (Enforcement of Maldonado Baustista Declaratory Judgment) (the "Motion"). (Dkt. Nos. 1, 3.)  The Petition seeks release or, alternatively, a bond hearing under 8 U.S.C. § 1226(a) within seven days.  (Dkt. No. 1 at 6.)  On February 20, 2026, the Court granted the Motion and ordered Respondents to release Petitioner from custody unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days. (Dkt. No. 10.)  On March 2, 2026, the parties filed a joint status report, stating Petitioner received a bond hearing before an immigration judge and was denied bond due to flight risk.  (Dkt. No. 11.)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought).  Courts have an obligation to consider mootness sua sponte and should deny requested relief where it is superfluous.  In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).  The "basic question in determining mootness is whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-00640 HDV (ADS)                    Date:  March 3, 2026

Title:  *Harsh Tamak v. Desert View Facility, et al.*

there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988).

Here, Petitioner has been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).  The Court orders Petitioner to show cause in writing why the Petition should not be dismissed as moot by no later than April 2, 2026.  Petitioner must substantively specify what claims, if any, remain pending, the relief sought, and the factual and legal basis for each claim.  Respondents must substantively respond to the claims Petitioner contends remain by no later than April 16, 2026.  Petitioner may file a reply by no later than April 21, 2026.

**IT IS SO ORDERED.**

Initials of Clerk kh